**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA**

| | | |
|---|---|---|
| **JASON AARON McCOLLUM,**<br>**Plaintiff,** | * | |
| **versus** | * | **No. 1:04-cv-336** |
| **CITY OF CHATTANOOGA,** | * | **Collier / Lee** |
| **CHATTANOOGA POLICE DEPARTMENT,** | * | **JURY DEMAND** |
| **GEORGIA HIGHWAY PATROL,** | * | |
| **TROOPER EARNEST T. BONAPARTE, III,**<br>**In his individual capacity and as agent for Georgia Highway Patrol,** | * | |
| **OFFICER MICHAEL WENGER,**<br>**In his individual capacity and as agent for City of Chattanooga and Chattanooga Police Department,** | * | |
| **OFFICER DOUGLAS RAWSON,**<br>**In his individual capacity and as agent for City of Chattanooga and Chattanooga Police Department,** | * | |
| **OFFICER RAY BRANTIS,**<br>**In his individual capacity and as agent for City of Chattanooga and Chattanooga Police Department,** | * | |
| **UNNAMED/IDENTIFIED LAW ENFORCEMENT OFFICERS, and** | * | |
| **UNNAMED/UNIDENTIFIED LAW ENFORCEMENT AGENCIES AND GOVERNMENTAL AGENCIES,**<br>**Defendants.** | * | |

**<u>AMENDED COMPLAINT</u>**

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§1983, 1985, and 1988 to redress the deprivation of rights secured to the Plaintiff by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution; Article 1, §§ 7, 8, 13, 16 and 32 of the Tennessee Constitution; and the statutory and commons laws of the State of Tennessee by the Defendants.

2. Plaintiff avers that the individually named and the unnamed and unidentified individual officers of the Chattanooga City Government ("City"), the Chattanooga Police Department ("Department"), the Georgia Highway Patrol ("Patrol") and other, yet to be identified law enforcement agencies and/or governments made an unreasonable seizure of the Plaintiff and subjected the Plaintiff to cruel and unusual punishment without the due process of law.

3. In addition, Plaintiff avers that these individual Defendants assaulted, battered, humiliated, and tortured the Plaintiff.

4. Plaintiff also maintains that these individual Defendants committed these violations and torts as a result of policies, customs, and/or procedures of the government Defendants, City and Patrol and yet to be named agencies and governments.

## JURISDICTION AND VENUE

5. This is an action to redress the deprivation of rights secured to the Plaintiff by the Fourth, Eighth, and Fourteenth Amendments to the United States. Thus, this Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343.

6. The Plaintiff invokes supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 and *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) over the

Plaintiff’s cause of action under the constitutional, common law, and statutory laws of the State of Tennessee in that the said laws form the same case or controversy.

7. Venue is proper in this Court, Chattanooga Division, pursuant to 28 U.S.C. §1391(B). All acts complained of occurred within Hamilton County, a political sub-division of the State of Tennessee, and physically located within the fourteen county district of this Court.

a. The Plaintiff is a resident of the State of Georgia, Whitfield County, Georgia.

b. The individual Chattanooga defendant officers Wenger (“Wenger”), Rawson (“Rawson”), Brantis (“Brantis”), and the unnamed/unidentified officers are, to the best of the Plaintiff’s knowledge and belief, also residents Hamilton County, Tennessee.

c. Defendant Trooper Bonaparte (“Bonaparte”), is to the best of the Plaintiff’s knowledge and belief, is a resident of the State of Georgia.

d. The City is a political sub-division of the State of Tennessee.

e. The Department is a law enforcement agency and governmental arm of the City, likewise located in Hamilton County, Tennessee.

f. The Patrol is a law enforcement agency and governmental arm of the State Georgia.

THE PARTIES

8. At all times relevant to this cause of action, the Defendant, CITY OF CHATTANOOGA, is a political sub-division of the State of Tennessee organized and existing under the laws of the State of Tennessee.

a. The City finances the Department and provides rules and regulations for the operation of the Department.

9. At All times relevant to this cause of action, the Defendant, CHATTANOOGA POLICE DEPARTMENT, is a law enforcement agency created under Tennessee state law and regulated by the laws of the State of Tennessee as to:

a. The training and certification of its law enforcement employees;

b. The safe confinement and treatment of prisoners placed within the custody of its individual officers and agents.

10. At all times relevant to this cause of action, the Defendant, GEORGIA HIGHWAY PATROL, is a law enforcement agency created under Georgia state law and regulated by the laws of the State of Georgia as to:

a. The training and certification of its law enforcement employees;

b. The safe confinement and treatment of prisoners placed within the custody of its individual officers and agents.

11. At all times relevant to this cause of action, the individual defendant officers Wenger and Rawson were employed by the City and Department and acted under the color of law, statute, ordinance, regulation, custom, or usage. In addition:

a. At all times relevant to this cause of action, Wenger acted in his official capacity as agent, servant, and employee, as defined under TENN. CODE ANN. §29-20-102, for the City and Department. Plaintiff sues this defendant in his individual and official capacities.

b. At all times relevant to this cause of action, Rawson acted in his official capacity an agent, servant, and employee, as defined under TENN. CODE

ANN. §29-20-102, for the City and Department. Plaintiff sues this defendant in his individual and official capacities.

c. At all times relevant to this cause of action, Brantis acted in his official capacity as agent, servant, and employee, as defined under TENN. CODE ANN. §29-20-102, for the City and Department. Plaintiff sues this defendant in his individual and official capacities.

12. At all times relevant to this cause of action, the individual defendant Bonaparte was employed by the Patrol and acted under the color of law, statute, ordinance, regulation, custom, or usage. In addition:

a. At all times relevant to this cause of action, Bonaparte acted in his official capacity as agent, servant, and employee, as defined under O.C.G.A. §35-2-1 *et seq.*, for the Patrol. Plaintiff sues this defendant in his individual and official capacities.

13. Until further discovery is had, Plaintiff avers that the defendant unnamed/unidentified law enforcement officers were employed or acting on behalf of the unnamed/unidentified law enforcement agencies and unnamed/unidentified governmental entities.

FACTUAL BASIS OF COMPLAINT

14. On or about September 11, 2004, Plaintiff was a passenger of his friend, identified as Matthew Trent Jones, ("Jones") in his friend's white pick up truck ("truck").

15. Plaintiff and friend traveled on Interstate 75 headed toward Dalton, Georgia.

16. Jones was the sole driver of the truck throughout this entire event.

17. Bonaparte attempted to affect a traffic stop on the truck for speeding within the State of Georgia.

18. Jones did not stop for Bonaparte and continued to travel on Interstate 75.

19. Bonaparte sought and obtained the assistance of Chattanooga Police Department officers and other agents of the unnamed/unidentified law enforcement agencies and unnamed/unidentified governmental entities.

20. Bonaparte claims that the Plaintiff and Jones "surrendered on a convenience store parking lot.

21. All defendant officers surrounded the truck, and ordered Plaintiff and Jones to exit the truck.

22. Plaintiff complied with the orders and immediately exited the truck from his passenger side door, with his hands extended, and immediately laid prone on the pavement.

23. The individual officers immediately handcuffed the Plaintiff's hands behind his back.

24. Plaintiff had not physically assaulted nor resisted the officers in any manner, and the officers' force was unnecessary to affect the arrest, was unreasonable, and was excessive.

25. Plaintiff was unable to breathe and attempted to roll on his side to breathe.

26. In response, two of the individual officers, one identified a Brantis, then kicked the Plaintiff as he lay on the pavement with such force as to nearly roll Plaintiff over two full rotations before being stopped by the kick and stomping action of another, yet to be identified, fellow officer.

27. In further response, numerous officers then surrounded the Plaintiff as he lay face-down on the pavement, and assaulted him with a device that inflicted multiple electrical shock injuries to his lower back and to the base of his skull.

28. The individual officers sprayed a chemical agent in the Plaintiff's face as he lay face-down on the pavement.

29. The officers had no warrant for the Plaintiff's arrest and no probable cause for the arrest of the Plaintiff.

30. At all times during the events herein described, the defendant officers were engaged in a joint adventure. The officers assisted each other in performing the various acts described and lent their physical presence and support in performing their various actions as described and lent their physical presences and support and the authority of their respective offices to each other during the said events.

31. At no time did any of the individual defendants or agents of the Department or Patrol or unnamed/unidentified law enforcement agencies and unnamed/unidentified governmental entities come to the aid of Plaintiff in any manner, nor render any aid to the Plaintiff in any manner.

32. The said defendants allowed the Plaintiff to remain face-down to suffer from his injuries and to suffer from the effects of the chemical agent for an unreasonable amount of time.

33. The officers had no legal cause or reason to inflict such injures on Plaintiff or to allow the Plaintiff to suffer.

34. Until further discovery can be had, Plaintiff avers that Rawson aided his fellow officers by failing to report the unlawful use of force upon the Plaintiff's person by his fellow officers. In addition, and in reference to the claims in ¶31:

a. Rawson was the charging officer of record, and was the draftsman of the affidavit of complaint that charged the Plaintiff with resisting arrest, disorderly conduct, and public intoxication.

b. Rawson falsely swore under oath in his police affidavit of complaint ("police affidavit") that Plaintiff refused all commands by police to exited the truck and get on the ground. Then;

b. Rawson swore under oath in his police affidavit that "suspect was maced and possibly contact tazed by an unknown officer(s)." Then;

c. Rawson falsely swore under oath in his police affidavit that Plaintiff "continued to resist by refusing to place his hands behind his back and actively pulling away while being handcuffed. Then;

d. Rawson falsely swore under oath in his police affidavit that Plaintiff and Jones "created a huge disorder in the lot of the gas station, which disrupted the business of the convenience store drew a crowd of civilians."

35. However, one unidentified officer directed the "crowd of civilians" to exit the parking lot that nearly cleared all civilian or unrelated vehicles from the lot within minutes of the start of the unlawful use of force by the defendant officers.

36. Rawson knew, or should have known, that there existed no probable cause to bring said charges against Plaintiff.

37. Rawson's charges were merely a malicious attempt to cover-up the unlawful actions of his fellow officers and defendants.

38. Rawson, armed with knowledge of the use of the tazer and chemical spray upon the Plaintiff's person, failed to provide medical attention to Plaintiff, and merely drove Plaintiff to the jail and charged Plaintiff.

39. Until further discovery can be had, Plaintiff avers Brantis aided his fellow officers by failing to report his own unlawful use of force upon the Plaintiff's person and the unlawful use of force upon the Plaintiff's person by his fellow officers.

COUNT ONE: VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW
42 U.S.C. §1983

40. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Plaintiff reasserts and incorporates ¶¶ 1 through 39.

41. The force used by the officers amounted to unlawful deadly force that carried a high risk of causing death or serious bodily harm and was unnecessary and unreasonable under the circumstances and was the direct and proximate cause of Plaintiff's injuries and needless suffering.

42. No reasonable officer or person would have continued to neither harm the Plaintiff nor have ignored his helplessness under the circumstances.

43. The force used by the officers was an act that demonstrated indifference to the life and safety of the Plaintiff.

44. The failure to render aid to the Plaintiff for his injuries or to prevent the infliction of such harm by the officers, or any other officer, was an omission that demonstrated indifference to the life and safety of Plaintiff.

45. The officers acted under color of law and their negligence and intentional acts deprived the Plaintiff his rights secured to him under the United States and Tennessee Constitutions to be free from:

a. Unreasonable seizures without due process of law;

b. Cruel and unusual punishment, indeed torture, without due process of law.

46. The City, Department, Patrol and the unnamed/unidentified law enforcement agencies had a duty of care to the Plaintiff to ensure that is agents were properly trained in the use of force, when to render aid to an arrestee, and to train its sworn officers and other jail staff to report officer abuse of suspects. This failure constitutes deliberate indifference.

47. The City, Department, and Patrol unnamed/unidentified law enforcement agencies and unnamed/unidentified governmental entities failed to ensure that is agents were properly trained in the use of force, when to render aid to an arrestee, and to train its sworn officers to report officer abuse of person in their custody. This failure constitutes a policy, practice, or custom of deliberate indifference.

48. The City and Department had a policy, practice, or custom to refuse to pay for any and all medical treatment for injuries their agents inflict upon arrestees.

49. The City, Department, and Patrol unnamed/unidentified law enforcement agencies and unnamed/unidentified governmental entities had a policy, practice, or custom to improperly investigate citizen complaints of officer misconduct.

50. The City, Department, and Patrol unnamed/unidentified law enforcement agencies and unnamed/unidentified governmental entities a policy, practice, or custom to tolerate the abuse of suspects by their officers.

51. Consequently, the actions stated in ¶¶ 40-50 created an environment that allowed the all defendant officers to believe that their abusive behavior would not be properly monitored, investigated, nor punished.

52. Consequently, the actions stated in ¶¶ 40-50, created an environment that allowed the defendant officers of the City and Department to believe that their abusive behavior would not be properly monitored, investigated, nor punished.

53. Plaintiff avers that such actions and omissions on the part of all the defendants constitutes a conspiracy violation of this law and were done to deprive the Plaintiff of the following rights established under the United States and Tennessee Constitutions:

a. The right to be free from unlawful seizures and excessive force secured to him by the Fourth and Fourteenth Amendments;

b. The right not to be deprived of life, liberty, or property without Due Process as secured to him by the Fourteenth Amendment;

c. The right to be free from the infliction of cruel and unusual punishment as secured to him by the Eighth Amendment; and

d. As a prisoner of the Department, City, and other yet to be identified law enforcement agencies and or governments, to be treated humanely and without undue rigor, pursuant to Article 1, §§13 and 32 of the Tennessee Constitution.

54. The actions of the officers were done with actual malice toward the Plaintiff and with willful and wanton indifference to and with deliberate disregard for the constitutional rights and statutory civil rights of the Plaintiff. Thus the Plaintiff is entitled to punitive damages, actual damages, and attorney fees pursuant to 42. U.S.C. §1988.

55. The omissions of the City, Department, and Patrol unnamed/unidentified law enforcement agencies and unnamed/unidentified governmental entities constitute deliberate indifference toward the Plaintiff and with willful and wanton indifference to and with deliberate disregard for the constitutional rights and statutory civil rights of the Plaintiff. Thus the Plaintiff is entitled to punitive damages, actual damages, and attorney fees pursuant to 42. U.S.C. §1988.

COUNT TWO – CONSPIRACY TO VIOLATE CIVIL RIGHTS 42 U.S.C. §1985

56. Plaintiff incorporates fully ¶¶ 1 through 55 as if fully set out herein and avers that such actions and omissions on the part of the defendants constitutes a violation of this law for which they are individually and jointly liable.

COUNT THREE – NEGLIGENCE

57. Plaintiff incorporates fully ¶¶ 1 through 55 as if fully set out herein and avers that such actions and omissions on the part of the defendants constitutes a violation of this law for which they are individually and jointly liable.

COUNT FOUR – NEGLIGENCE PER SE

58. Plaintiff incorporates fully ¶¶ 1 through 55 as if fully set out herein and avers that such actions and omissions on the part of the defendants constitutes a violation of TENN. CODE ANN. §§39-13-101 and 102 for which they are individually and jointly liable.

COUNT FIVE – COMMON LAW ASSAULT AND BATTERY

59. Plaintiff incorporates fully ¶¶ 1 through 55 as if fully set out herein and avers that such actions and omissions on the part of the defendants constitutes a violation of this law for which they are individually and jointly liable.

COUNT SIX – COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiff incorporates fully ¶¶ 1 through 55 as if fully set out herein and avers that such actions and omissions on the part of the defendants constitutes a violation of this law for which they are individually and jointly liable.

COUNT SEVEN – JOINT AND SEVERAL LIABILITY

61. Plaintiff incorporates fully ¶¶ 1 through 55 as if fully set out herein and avers that such actions and omissions on the part of the defendants were done in concert with one another for which they are individually and jointly liable.

COUNT EIGHT – RES IPSA LOQUITUR

66. Plaintiff incorporates fully ¶¶ 1 through 55 as if fully set out herein and avers that such actions and omissions on the part of the defendants constitutes a violation of this law that "speaks for itself" in that the defendant officers were the only persons who were in control of Plaintiff in such a manner that the only reasonable inference drawn from any fact finder is that the defendant officers were the sole and proximate cause of the Plaintiff's injuries for which they are individually and jointly liable.

WHEREFORE, the Plaintiff demands judgment against the Defendants *both jointly and severally* and requests the following relief:

A. That the Defendants be served a copy of this Complaint and be required to answer as required by the Federal Rules of Civil Procedure;

B. That the Court award compensatory damages in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000) and punitive damages in the amount of THREE MILLION DOLLARS ($3,000,000);

C. That the Court award attorney's fees;

D. That the Court award costs, and discretionary costs;

E. Any other relief the Court may deem fit and proper;

F. Any other relief the Court may deem fit and proper pursuant to 42 U.S.C. §1988, and

G. Allow a jury trial on all issues triable by jury.

Respectfully submitted,

**BY: ______/S/__ROBIN RUBEN FLORES_______**

**ROBIN RUBEN FLORES, TENN. BPR #20751**
**A. PHILLIP LOMONACO, TENN. BPR #11579**
Attorneys for Plaintiff
615 Walnut Street, Suite 208
Chattanooga, TN 37402
423 / 267-1575
email: robinflores@comcast.net