UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JASON AARON MCCOLLUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:04-CV-336 |
| v. ) | |
| ) | Collier/Lee |
| CITY OF CHATTANOOGA, ) | |
| CHATTANOOGA POLICE DEPARTMENT, ) | |
| TROOPER EARNEST T. BONAPARTE, III, ) | |
| in his individual capacity and as agent for ) | |
| Georgia Highway Patrol, OFFICER MICHAEL ) | |
| WENGER, in his individual capacity and ) | |
| as agent for City of Chattanooga and ) | |
| Chattanooga Police Department, OFFICER ) | |
| DOUGLAS RAWSON, in his individual ) | |
| capacity and as agent for City of Chattanooga ) | |
| and Chattanooga Police Department, ) | |
| OFFICER RAY BRANTIS, in his individual ) | |
| capacity and as agent for City of Chattanooga ) | |
| and Chattanooga Police Department, ) | |
| UNNAMED/IDENTIFIED LAW ) | |
| ENFORCEMENT OFFICERS, and ) | |
| UNNAMED/UNIDENTIFIED LAW ) | |
| ENFORCEMENT AGENCIES AND ) | |
| GOVERNMENTAL AGENCIES, ) | |
| ) | |
| Defendants. ) | |

**REPORT and RECOMMENDATION**

**I.     Introduction**

Plaintiff Jason Aaron McCollum ("McCollum") filed a motion for permissive joinder with plaintiff Matthew Trent Jones and the separate case *Jones v. City of Chattanooga, et al*, Case No. 1:05-cv-245 pursuant to Fed. R. Civ. P. 20 [Doc. No. 51], and a motion to file a second amended complaint and/or to supplement the amended complaint under Fed. R. Civ. P. 15 [Doc. No. 55-1]. Responses to the motions have been filed by Defendants Officer Michael Wenger ("Wenger") [Doc.

No. 68-1] and the City of Chattanooga ("the City") [Doc. No. 67-1]. A hearing on the pending motions was held on February 3, 2006. Present at the hearing were: (1) Attorney Robin R. Flores for McCollum; (2) McCollum; (3) Attorneys Phillip A. Noblett, Michael A. McMahon and Crystal R. Freiberg for the City; and (4) Attorney W. Gerald Tidwell for Wenger.

## II. McCollum's Motion for Joinder

During the hearing, McCollum requested that no action be taken on the motion for joinder [Doc. No. 51] until a ruling is issued on a pending motion to consolidate his case with *Jones v. City of Chattanooga, et al*, Case No. 1:05-cv-245 [Doc. No. 49]. None of the parties represented during the hearing objected to holding the motion for joinder in abeyance until the motion to consolidate this case with *Jones v. City of Chattanooga, et al*, Case No. 1:05-cv-245 is decided. Thus, it is **RECOMMENDED** McCollum's motion for joinder [Doc. No. 51] be held in **ABEYANCE** until after action is taken with regard to the motion to consolidate. Once action is taken on McCollum's motion to consolidate [Doc. No. 49], McCollum shall notify the undersigned within **five days** whether he desires a further hearing on his motion for joinder or the motion shall be stricken as moot.

## III. McCollum's Motion to Amend and/or Supplement the Complaint

In his original complaint, McCollum named as defendants the City and the Chattanooga Police Department [Doc. No. 1-1]. Subsequently, by agreed order, McCollum amended his original complaint to add Chattanooga Police Department Officer Ray Brantis as a defendant [Doc. Nos. 25 and 26]. Pursuant to Fed. R. Civ. P. 15, the motion to file the proposed second amended complaint

2

seeks to add 20 additional Chattanooga Police Department officers[1], Catoosa County (Georgia) Deputy Tim Busby, and the Catoosa County (Georgia) Government as newly named defendants [Doc. No. 55-2 at 1-3]. McCollum also moves to amend and/or supplement the previously amended complaint to increase the amount of damages sought from $300,000.00 in compensatory damages and $3,000,000.00 in punitive damages to $1,000,000.00 in compensatory damages and $25,000,000.00 in punitive damages. McCollum asserts his proposed second amendment and/or supplement to the amended complaint relates back to the filing of the original complaint under Fed. R. Civ. P. 15, and he alleges the officers he seeks to add as parties to the case had ample notice of this action because they were part of the internal affairs investigation conducted by the City [Doc. No. 47 at 4].

### A. **Motion to Amend**

The City asserts McCollum should not be allowed to increase his claim for damages because the proposed amendment in not based on any new information or facts [Doc. No. 67 at 4]. The City and Wenger assert McCollum should not be allowed to add the newly proposed additional defendants arguing the second amendment is futile because the statutes of limitations have run and the contemplated amendment would not relate back to the filing of the original complaint as the requirements of Fed. R. Civ. P. 15(c) are not satisfied.

With respect to the proposed additional defendants, it appears undisputed that McCollum's counsel asked for and was informed of the names of all of the officers involved in this matter on

---

[1] McCollum seeks to add Officer Steve Campbell, Officer Shane Webb, Officer Curtis Penny, Sergeant Chad Sullivan, Sergeant Cheryl Bryant, Officer Thomas Buttry, Officer Jeff White, Officer Cevin Burney, Officer Todd Clay, Officer Eric Milchak, Officer John Monroe, Officer Eric Hindmon, Officer Joe Kearns, Officer Stoney Morton, Officer Mickey Ortel, Officer Stephen Cruise, Officer Kaumer Hughes, Officer Jamie Willis, Officer Nick Allen, and Officer Kevin Cobb.

3

March 3, 2005 [Doc. No. 4, 29]. The City and Wenger argue McCollum therefore had ample time to amend his complaint but failed to do so within the applicable limitations period. Wenger and the City assert McCollum's amended complaint sets forth claims under 42 U.S.C. §§ 1983 and 1985 and various state law tort claims, all of which have a one year statute of limitations under Tenn. Code Ann. § 28-3-104. Wenger and the City argue the statute of limitations against any additional defendants would have run within one year of the incident that forms the basis of McCollum's complaint, which occurred on September 11, 2004. Wenger and the City further assert to the extent McCollum's complaint sets forth any allegations of malicious prosecution, the statute of limitations as to those claims would have run on November 12, 2005, one year after all criminal charges against McCollum were dismissed on November 12, 2004. Thus, Wenger and the City assert because McCollum did not file the pending motion to amend until November 21, 2005, the proposed amendment is futile.

At the February 3, 2006 hearing, McCollum's counsel acknowledged he received a list of all law enforcement officers who were involved in the September 11, 2004 incident from the City in March 2005. McCollum asserted, however, the proposed second amended complaint is not futile because its relates back under Fed. R. Civ. P. 15(c)(2) and the proposed additional defendants had notice.

    **1.**    *<u>Standard</u>*

Leave to amend a complaint is freely given where justice so requires, but a court may deny leave where the amendment would be futile or cause undue delay which would result in unfair prejudice to the opposing party. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). "A proposed amendment is futile if the

amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *see also Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 383 (6th Cir. 1993); *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation, Dep't of Housing and Urban Development, City of Louisville,* 632 F.2d 21, 23 (6th Cir. 1980).

    **2.**    <u>*Analysis*</u>

        **a.** *Proposed Amendment to Increase Claim for Damages*

The City's assertion that McCollum should not be allowed to increase his claim for damages because the proposed amendment in not based on any new information or facts is not well taken. Leave to amend is "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Morse v. McWhorter*, 290 F.3d 795, 799-800 (6th Cir. 2002). Delay in amending alone does not usually justify denial of leave to amend. *Morse,* 290 F.3d at 800. On the other hand, where delay causes an unfair burden on the court or opposing parties resulting in prejudice, leave to amend may properly be denied. *Id.* at 800. I find defendants would not be prejudiced by allowing McCollum to increase his request for compensatory and punitive damages. Thus, the proposed second amendment shall be allowed as to the increased claim for damages.

        **b.** *Proposed Amendment to Name New Defendants*

            ***i.*** *Futility*

As noted, Wenger and the City assert McCollum's proposed second amended complaint is futile because his claims against the defendants he seeks to add are barred by the applicable statutes of limitation. McCollum's §§ 1983 and 1985 claims, which arose in Tennessee, and his state law claims are governed by one year statutes of limitation. Tenn. Code Ann. § 28-3-104(a)(3); *Wilson*

5

*v. Garcia*, 471 U.S. 261, 276 (1985); *Waters v. Evans*, No. 03-6575, 2004 WL 1763226, *1 (6th Cir. Aug. 4, 2004).

Federal law determines when McCollum's claims accrued. *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir.), *cert. denied*, 540 U.S. 876 (2003). Generally, a tort cause of action will accrue whenever more than *de minimis* harm is discernable at the time of the tortious event. *Hicks v. Hines, Inc.*, 826 F.2d 1543, 1544 (6th Cir. 1987); *Echols v. Chrysler Corp.*, 633 F.2d 722, 725-26 (6th Cir. 1980). Thus, the statute of limitations on tort claims begins to run when a plaintiff knows or has reason to know of the injury that is the basis of his actions. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). A claim for malicious prosecution does not accrue until the date of the favorable termination of the criminal prosecution. *Ruff v. Runyon*, 258 F.3d 498, 501-02 (6th Cir. 2001).

Wenger and the City assert McCollum's claims against the officers he seeks to add by second amendment are time barred because McCollum did not file his motion to amend and proposed second amended complaint until November 21, 2005, more than a year after the date of the alleged tortious events on September 11, 2004. With regard to McCollum's malicious prosecution claims, Wenger and the City assert the November 21, 2005 filing date was more than one year after all criminal charges were dismissed against McCollum. As proof that all state criminal charges were dismissed against McCollum, the City has attached state court judgments to its response in opposition to McCollum's motion to amend [Doc. No. 67-2 at 1-3].

The argument of the City and Wenger fails because they must resort to matters outside the pleadings to support their position. In *Rose*, the district court denied the plaintiff's motion for leave to amend with a marginal notation that did not set forth any reasons for the denial. *Rose*, 203 F.3d

6

at 420. On appeal to the Sixth Circuit, the plaintiff challenged the denial of his motion to amend and the Sixth Circuit reversed the district court's decision. *Id.* The Sixth Circuit stated the denial of the motion for leave to amend without an explanation would be harmless error if the motion to amend were futile. *Id.* The Sixth Circuit found, however, that the motion to amend was not futile, because the district court had considered the plaintiff's indictment on criminal charges, something which it could not properly consider on a Rule 12(b)(6) motion. The Sixth Circuit stated:

> Because the criminal indictment qualifies as a "matter [ ] outside the pleading," the district court would have had to treat a Rule 12(b)(6) motion . . . as a motion for summary judgment. *See* Fed. R. Civ. P 12(b)(6) (stating that if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56") . . . The test for futility, however, does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss. Because the proposed . . . claim could withstand a Rule 12(b)(6) motion to dismiss . . . [the] proposed amendment was not futile.

*Id.* at 421.

In order to show McCollum's proposed second amendment is futile, the City has resorted to matters outside of the pleadings; for instance, state court judgments to show when the state criminal charges were dismissed against McCollum and his malicious prosecution claims accrued. Because matters outside the pleadings would have to be accepted and relied upon in order to determine whether McCollum's claims for malicious prosecution against the officers he seeks to add were time barred, McCollum's malicious prosecution claims could withstand a Rule 12(b)(6) motion to dismiss. *Id.* Therefore, McCollum's proposed second amended complaint is not futile.

7

### ii. Relation Back

The next question is whether the requirements for relation back under Rule15(c) have been met. If the Rule15(c) requirements for relation back cannot be met and the statutes of limitation have run, then an amendment changing a party would be futile because the amended complaint could not withstand a motion to dismiss based on the expiration of the statutes of limitation. *Garvin v. City of Philadelphia*, 354 F.3d 215, 222 (3d Cir. 2003). "Relation back of amendments of pleadings is governed by Fed. R. Civ. P. 15(c)." *Taylor v. American Tobacco Co., Inc.*, 983 F. Supp. 686, 688 (E.D. Mich. 1997). Rule15(c) provides:

> **(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when
>
> **(1)** relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> **(2)** the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> **(3)** the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

The United States Supreme Court has set forth the following four requirements that must be satisfied in order for an amendment adding a new party to relate back under Rule15(c):

> "Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period . . . ."

*Simmons v. South Cent. Skyworker's, Inc.*, 936 F.2d 268, 270 (6th Cir. 1991) (quoting *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986)). The Court in *Schiavone* emphasized "the linchpin [of relation back] is notice and notice with the limitations period." *Schiavone*, 477 U.S. at 31.

With the exception of increasing his claim for damages, McCollum's proposed second amended complaint does not change or add any claims to this action, it merely adds additional parties against whom some of the claims already set forth in his original complaint are asserted. Hence, Fed. R. Civ. P. 15(c)(2) does not apply to this action. *Oros v. Hull & Associates*, 217 F.R.D. 401, 403 (N.D. Ohio 2003). Thus, the question is whether McCollum's proposed second amended complaint relates back under Fed. R. Civ. P. 15(c)(3).

Under Rule 15(c)(3), an amended complaint does not relate back unless the requirements of Rule 15(c)(2) are met, and within the time period provided by rule 4(m) for service of process under Rule 4(m), the party to be added by the amendment "(A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party." *Oros*, 217 F.R.D. at 403-04 (quoting Fed. R. Civ. P. 15(c)(3)). Fed. R. Civ. P. 4(m) provides that service of the summons and complaint must be made upon a defendant within 120 days after the filing of the original complaint.

In his original complaint, McCollum names as defendants "unnamed/identified law

9

enforcement officers" and "unnamed/unidentified law enforcement agencies and governmental agencies." [Doc. No. 1-1]. In *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir.), *cert. denied*, 519 U.S. 821 (1996), the plaintiffs filed their original complaint suing "unnamed police officers." After the statute of limitations expired, the plaintiffs filed an amended complaint naming three additional law enforcement officers as defendants; and, the newly named defendants moved to dismiss the amended complaint on the ground it was barred by the applicable statute of limitations. The Sixth Circuit held that the complaint did not relate back stating that "new parties may not be added after the statute of limitations have run and . . . such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)(3)." *Id.* Specifically, the Sixth Circuit stated:

> The naming of "unknown police officers" in the original complaint does not save the pleading. Substituting a named defendant for a "John Doe" defendant is considered a change in parties, not a mere substitution of parties. . . In *Aslanidis v. U.S. Lines*, *Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993), the Second Circuit stated: It is familiar law that "John Doe" pleadings cannot be used to circumvent statute of limitations because replacing a "John Doe" with a named party in effect constitutes a change in the party sued . . . *Accord Bufalino v. Michigan Bell Telephone Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968)*, cert. denied*, 394 U.S. 987, 89 S. Ct. 1468, 22 L.Ed.2d 763 (1969)).

*Id.*

The Sixth Circuit in *Cox* noted the requirements for relation back under Fed. R. Civ. P. 15(c) could not be satisfied because the requirements for the "imputed knowledge" doctrine of *Berndt v. Tennessee*, 796 F.2d 879 (6th Cir. 1986) were not satisfied in the case before it. *Id.* As noted in *Cox*, "defendants must receive actual or constructive notice of the lawsuit within the period provided for service of the summons and complaint." *Id.* In *Berndt v. State of Tennessee*, 796 F.2d 879 (6th Cir. 1986), in *dicta* the Sixth Circuit stated:

> We believe that Rule 15(c) does not require that the new defendants

10

> received actual notice. It is enough that the new defendants received constructive notice of the suit. Under some circumstances, notice can also be imputed to a new defendant. Even more pertinent to this case, where the complaint alleges in substance that the new defendants committed the illegal acts and are officials of the original defendant, that relationship may imply receipt of sufficient notice. All that we add concerning the inquiry of whether the new defendants knew or should have known that the suit should have been bought against them is that it is a patently factual inquiry and left to the district court.

*Id.* at 884 [internal footnote and citations omitted]; *see also Force v. City of Memphis*, No. 95-6333, 1996 WL 665609, * 2 (6th Cir. Nov. 14, 1996) (factors to be considered to determine whether a newly-named defendant had constructive notice of a lawsuit "include the relationship of the new defendants to the defendant(s) originally named, whether the same attorney represented both original and new defendants, and whether the new defendants are officials of the original defendant.").

In *Richmond v. McElyea*, 130 F.R.D. 377, 378 (E.D. Tenn. 1990) the plaintiff brought a *pro se action* alleging he was assaulted "by certain unnamed officers of the Knox County (Tennessee) Sheriff's Department." After the statute of limitations had run, plaintiff sought to amend his complaint to identify the "John Doe" defendants. *Id.* The newly named defendants sought dismissal of the amended complaint arguing it did not relate back under Fed. R. Civ. P. 15(c) and, thus, was time barred. *Id.* The court noted there was no dispute the defendants did not have actual notice of the lawsuit within the period provided by law for commencing the action, but also noted the newly named defendants in the plaintiff's amended complaint were employed by the same agency, Knox County, which was named in the original complaint. *Id.* at 380-81. The court found this relationship was sufficient for constructive notice and that "when Knox County and its attorneys learned of this lawsuit, they 'should have taken steps to investigate the claim, including collecting and preserving the evidence against any foreseeable eventuality'" and, therefore, "the defendants cannot claim that

11

they have been prejudiced through the loss of evidence or by undue surprise." *Id.* at 381-82 (quoting *Kirk v. Cronvich*, 629 F.2d 404, 408 (5th Cir. 1980)).

In his original complaint, McCollum named as defendants the City and the Chattanooga Police Department[2] [Doc. No. 1-1]. By agreed order, McCollum amended his original complaint to add Chattanooga Police Department Officer Brantis as a defendant [Doc. No. 25]. McCollum claims all of the officers he seeks to add by second amendment were sued in *Jones v. City of Chattanooga* and also are officers with the City of Chattanooga Police Department, except for Catoosa County (Georgia) Deputy Tim Busby and the Catoosa County (Georgia) Government [Doc. No. 55-2 at 1-3]. Thus, I find a genuine issue of material fact exists, at least at this stage of the proceeding, as to whether all of the newly named Chattanooga police officers received constructive notice of this lawsuit within the period provided for by Fed. R. Civ. P. 4(m).

McCollum did not, however, name Officer Busby or the Catoosa County government, in either his original or first amended complaint. McCollum's counsel conceded Officer Busby or the Catoosa County government were not sued in *Jones v. City of Chattanooga,* and he did not contend they were subject to the Chattanooga Police Department's internal affairs investigation. There is absolutely nothing in the record to indicate Officer Busby or the Catoosa County government received constructive notice of this lawsuit within the period provided for by Fed. R. Civ. P. 4(m). Thus, it appears the proposed second amendment is futile as to Officer Busby and the Catoosa County government.

Accordingly, it is **RECOMMENDED**: (1) that McCollum's motion to file a second

---

[2] The City asserts the police department is not a separate legal entity, but is instead a department of the City [Doc. No. 19 at 2].

12

amended complaint pursuant to Fed. R. Civ. P. 15(c) be **DENIED** as to Tim Busby and the Catoosa County Government; and (2) that McCollum's motion to file a second amended complaint pursuant to Fed. R. Civ. P. 15(c) be **GRANTED** as to the other newly named officers, Officer Steve Campbell, Officer Shane Webb, Officer Curtis Penny, Sergeant Chad Sullivan, Sergeant Cheryl Bryant, Officer Thomas Buttry, Officer Jeff White, Officer Cevin Burney, Officer Todd Clay, Officer Eric Milchak, Officer John Monroe, Officer Eric Hindmon, Officer Joe Kearns, Officer Stoney Morton, Officer Mickey Ortel, Officer Stephen Cruise, Officer Kaumer Hughes, Officer Jamie Willis, Officer Nick Allen, and Officer Kevin Cobb.

  **B.** <u>**Motion to Supplement**</u>

  As it relates to Tim Busby and the Catoosa County Government, McCollum also sought to supplement his complaint pursuant to Fed. R. Civ. P. 15(d), which states in pertinent part "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." At the hearing, McCollum asserted the decisions in *Weeks v. New York State (Div. of Parole)*, 273 F.3d 76 (2d Cir. 2001) and *Keith v. Volpe*, 858 F.2d 467 (9th Cir. 1988), *cert. denied*, 493 U.S. 813 (1989) establish he could supplement his complaint to add the additional defendants. However, neither case supports McCollum's contention.

  In *Weeks*, the court noted a motion which seeks to "plead events that have transpired *since* the date of the party's most recent pleading 'is technically categorized under [Fed. R. Civ. P. 15(d)] ['Supplemental Pleadings'] as opposed to Rule 15(a) ['Amendments'] .'" 273 F.3d at 88 (quoting *Flaherty v. Lang*, 199 F.3d 607, 613 n.3 (2d Cir. 1999)). The plaintiff in *Weeks* brought a Title VII

13

discrimination action. *Id.* at 83. Three months prior to her trial she was fired by her employer and filed a motion to supplement her amended complaint to allege her termination was discriminatory and retaliatory. *Id.* at 87. The district court denied her motion and the Second Circuit upheld the district court's denial of Week's motion to amend as within the sound discretion of the trial court. *Id.* at 88-89. This case does not support allowing the addition of newly named defendants by supplementation under Rule 15(d).

In *Keith*, the plaintiffs were living in the path of a proposed freeway in Los Angeles and brought an action seeking an injunction to halt construction of the freeway. *Keith*, 858 F.3d at 470. The parties eventually entered into a consent decree which set forth the defendants' obligations to provide replacement housing for low and moderate income households living in the path of the freeway. *Id.* Several years after the consent decree, some of the plaintiffs sought to file a supplemental complaint alleging the defendants had taken actions which resulted in unlawful discrimination against minority and low-income persons displaced by the construction of the freeway; and, the district court permitted the supplemental complaint. *Id.* The Ninth Circuit found the district court did not abuse its discretion in permitted the filing of the supplemental complaint, because there was a close relationship between the claims in the supplemental action and the claims in the original action. *Id.* at 474-74. This case also does not support allowing the addition of newly named defendants by supplementation under Rule 15(d).

McCollum's proposed second amended complaint does not allege any events, transactions, or occurrences which occurred after September 11, 2004, the date of the transactions in the original complaint. Accordingly, it is **RECOMMENDED** McCollum's motion to supplement his complaint under Fed. R. Civ. P. 15(d) to add defendants Tim Busby and the Catoosa County Government be

14

**DENIED**.

IV. <u>Conclusion</u>

For the reasons set forth above, it is **RECOMMENDED**:[3]

(1) McCollum's motion for joinder [Doc. No. 51] be held in **ABEYANCE** until after action is taken with regard to his motion to consolidate;

(2) McCollum's motion to file a second amended/supplemented complaint pursuant to Fed. R. Civ. P. 15 be **DENIED IN PART AND GRANTED IN PART** as follows: a) **DENIED** as to adding Tim Busby and the Catoosa County Government as defendants; b) **GRANTED** as to adding Officer Steve Campbell, Officer Shane Webb, Officer Curtis Penny, Sergeant Chad Sullivan, Sergeant Cheryl Bryant, Officer Thomas Buttry, Officer Jeff White, Officer Cevin Burney, Officer Todd Clay, Officer Eric Milchak, Officer John Monroe, Officer Eric Hindmon, Officer Joe Kearns, Officer Stoney Morton, Officer Mickey Ortel, Officer Stephen Cruise, Officer Kaumer Hughes, Officer Jamie Willis, Officer Nick Allen, and

---

[3] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this Report and Recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Case 1:04-cv-00336 Document 72 Filed 02/23/06 Page 15 of 16 PageID #: 59

Officer Kevin Cobb as defendants**;** and c) **GRANTED** as to increasing his claim for damages; and

(3) McCollum be given 10 days to file a second amended complaint that complies with any order accepting this Report and Recommendation.

                                             s/*Susan K. Lee*
                                             SUSAN K. LEE
                                             UNITED STATES MAGISTRATE JUDGE