UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JASON AARON McCOLLUM, ) | |
| ) | |
|    *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:04-cv-336 |
| ) | |
| CITY OF CHATTANOOGA, *et al.*, ) | Judge Mattice/Magistrate Judge Lee |
| ) | |
|    *Defendants*. ) | |

*-and-*

| | |
|---|---|
| MATTHEW TRENT JONES, ) | |
| ) | |
|    *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 1:05-cv-245 |
| ) | |
| CITY OF CHATTANOOGA, *et al.*, ) | Judge Mattice/Magistrate Judge Lee |
| ) | |
|    *Defendants*. ) | |

## **MEMORANDUM OPINION & ORDER OF CONSOLIDATION**

Plaintiffs Jason McCollum (Case No. 1:04-cv-336) and Matthew Jones (Case No. 1:05-cv-245) each bring an action against the City of Chattanooga, the Chattanooga Police Department, and various police officers, alleging violations of their respective Fourth, Eighth, and Fourteenth Amendment rights under the United States Constitution pursuant to 42 U.S.C. § 1983; conspiracy to violate their respective civil rights pursuant to 42 U.S.C. § 1985; and various state law causes of action.

Before the Court are Plaintiff McCollum's motion to consolidate his case with *Jones v. City of Chattanooga*, 1:05-cv-245, and Plaintiff Jones's motion to consolidate his case with *McCollum v. City of Chattanooga*, 1:04-cv-336.

For the reasons stated below, Plaintiffs' motions for consolidation are **GRANTED**.

## I. FACTUAL BACKGROUND

As stated in the Plaintiffs' complaints, the facts of the case are as follows.

On September 11, 2004, McCollum was a passenger in the pick-up truck of his friend Matthew Jones. (Court Doc. No. 74, Case No. 1:04-cv-336, Am. Compl. ¶ 11.) Jones was driving the truck. (*Id.* ¶ 13.) Jones and McCollum were traveling on Interstate 75 when Georgia State Trooper Ernest Bonaparte attempted to effect a traffic stop on the truck for speeding. (*Id.* ¶¶ 12, 14.) Jones did not stop the truck. (*Id.* ¶ 15.) Trooper Bonaparte sought and obtained assistance from the Chattanooga Police Department in stopping the truck. (*Id.* ¶ 16.) Jones eventually pulled the truck over, and Jones and McCollum surrendered in the parking lot of a convenience store. (*Id.* ¶ 17.) Police officers surrounded the truck and ordered Jones and McCollum to exit the truck. (*Id.* ¶ 18.)

McCollum complied with the officers' orders, immediately exiting from the truck with his hands extended and laying prone on the pavement. (*Id.* ¶ 19.) Deputy Tim Busby of the Catoosa County Sheriff's Department began to handcuff McCollum. (*Id.* ¶ 20.) Other officers then knelt down and assisted Busby in handcuffing McCollum's hands behind his back. (*Id.* ¶ 21.) McCollum did not resist the officers during this process. (*Id.* ¶ 22.) Once handcuffed, McCollum was unable to breathe, so he attempted to roll onto his side. (*Id.* ¶ 23.) In response, two of the officers, one identified as Brantis, kicked McCollum, causing him to roll across the pavement before being stopped by the kicking and stomping of another officer. (*Id.* ¶ 24.) Then, as McCollum lay face-down on the pavement, several officers surrounded him and inflicted multiple electrical shocks to his lower back and the

-2-

Case 1:04-cv-00336   Document 75   Filed 04/24/06   Page 2 of 7   PageID #: <pageID>

base of his skull. (*Id.* ¶ 25.) The officers also sprayed a chemical agent in McCollum's face. (*Id.* ¶ 26.)

At the same time, after Jones pulled the truck over, Jones exited the truck and raised both of his arms over his head. (Court Doc. No. 1, Case No. 1:05-cv-245, Compl. ¶ 12.) Officer Wenger, who was pointing his weapon at Jones, ran forward and struck Jones with his right elbow on the left side of Jones's face. (*Id.* ¶ 13.) Jones immediately fell to the ground, and Officers Wenger, Webb, Allen, and others beat Jones and handcuffed him. (*Id.* ¶¶ 14-15.) After he was handcuffed, Jones was placed in a seated position and, while seated, was struck with a knee on the side of his face and with a taser by Officers Campbell, Webb, and Allen. (*Id.* ¶¶ 16-17.) Officers Webb and Allen used the taser on Jones simultaneously. (*Id.* ¶ 17.)

## II. ANALYSIS

Plaintiffs McCollum and Jones have requested that the Court consolidate their cases.

Federal Rule of Civil Procedure 42(a) provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The Sixth Circuit has explained that cases "should be consolidated if the risks of prejudice and confusion are outweighed by other factors including 'the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources . . . .'" *Carpenter v. GAF Corp.*, 16 F.3d 1218, 1994 WL 47781,

at *1 (6th Cir. Feb. 15, 1994) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

Plaintiff McCollum argues that consolidation is appropriate because the two cases involve nearly identical causes of action, nearly identical facts, and identical defendants, and consolidation would ensure judicial economy and eliminate duplicative discovery. Plaintiff Jones argues that consolidation would result in a more efficient use of resources.

The Defendants who have filed responses in opposition to the motions for consolidation have primarily argued that the cases should not be consolidated because different officers were responsible for the respective arrests of McCollum and Jones, meaning that any determinations of the propriety of the officers' actions would have to be made with respect to different officers, and the different situations faced by those officers, relative to each Plaintiff.[1]

The Court believes that these cases are appropriate for consolidation. First, the two cases involve common questions of law and fact. Certainly, the facts surrounding the car chase and the vehicle stop are common to both cases. In addition, the existence of a policy or custom of the City of Chattanooga or the Chattanooga Police Department with which the officers acted in accordance is common to both cases. There are also common

---

[1] The Defendants also argued that the cases should not be consolidated because they involve different defendants. Since the motions and responses were filed, however, the Court has allowed McCollum to amend his complaint, and the two cases now name identical defendants.

Further, at least one of the Defendants who responded in opposition to the motion for consolidation pointed out that McCollum's case was filed approximately one year before Jones's case and that McCollum's case has already been set for trial in September of 2006. Since McCollum recently amended his complaint to add several defendants, the Court is skeptical that the parties would have been ready to try the case in September of this year since such additional defendants have not yet even filed appropriate responsive pleadings. Thus, while the fact that cases are at varying stages may be an appropriate consideration in some instances, the recent amendment of McCollum's complaint reduces the impact of that concern in this instance.

questions of law and fact related to certain Defendants (*e.g.*, Sullivan and Bryant) whose action or inaction relates to both Plaintiffs. Thus, while there are differences in the two cases resulting from the fact that different officers were involved in the respective arrests of McCollum and Jones, Rule 42(a) does not require that the cases be identical; rather, it only requires that there be "a common question of law or fact," which is present in these cases.

Second, the two complaints allege nearly identical causes of action against all of the same defendants. As a result, consolidation of the cases will promote efficiency throughout discovery, as the parties will avoid duplicative depositions and discovery requests and the Court will avoid resolving duplicative discovery disputes.

Third, the Court believes the risks of prejudice and confusion are not significant. With respect to confusion, the Defendants make clear that the arrests were made in different areas of the parking lot, which is apparently confirmed by a videotape, and that different officers were in the different areas. The Court believes that a jury will be able to sort out such a situation and understand which officers were in each area. With respect to prejudice, the Court does not find convincing the Defendants' argument that individual officers will be prejudiced if a jury hears about the actions of their fellow officers with respect to the other Plaintiff. In both cases, the Plaintiffs allege that a group of officers took part in the use of excessive force. Therefore, if the cases were not consolidated, a jury would be asked to separate the actions of each officer in the group with respect to that Plaintiff. To ask a jury to separate the actions of each officer in two different groups in a consolidated action does not significantly increase the possibility of prejudice to individual officers that exists even if the cases were tried separately.

Thus, the Court determines that, at this stage of litigation, the risks of prejudice and confusion are outweighed by the risk of inconsistent adjudications of the common legal and factual issues and the burden on the parties, witnesses, and the Court.  Accordingly, the Court **GRANTS** the Plaintiffs' respective motions for consolidation.

Although the Court has the power under Rule 42(b) to order separate trials, the Court declines to do so at this time.  The Court believes that the determination regarding separate trials is best left for a later stage in the litigation process, possibly after the conclusion of discovery, or after the Court's ruling on any dispositive motions, when it is clearer which causes of action against which Defendants are likely to be tried.

### III. CONCLUSION

For the reasons explained above, it is **ORDERED**:

(1) Because it appears that the two cases involve common questions of law and fact, Plaintiff McCollum's Motion for Consolidation [Court Doc. No. 49, Case No. 1:04-cv-336] and Plaintiff Jones's Motion for Consolidation [Court Doc. No. 39, Case No. 1:05-cv-245] are **GRANTED**.

(2) Case No. 1:05-cv-245 shall be **CONSOLIDATED** with Case No. 1:04-cv-336.

(3) **Case No. 1:04-cv-336 is designated as the lead case**, and pending final resolution of these consolidated cases, all subsequent papers, pleadings, and motions shall be filed in Case No. 1:04-cv-336.  It is not necessary for the Clerk or the attorneys to note filings on each docket sheet, as it will be understood, because of this order, that each filing in Case No. 1:04-cv-336 will be deemed to have also been filed in Case No. 1:05-cv-

245. At such time as the final resolution of the consolidated cases is made, the final order will be filed in each case, at which time the cases shall be closed.

      (4)    The previously scheduled trial date of September 11, 2006, and the related deadlines for Case No. 1:04-cv-336 are **CANCELLED**.

      (5)    The Court shall set a date for a rescheduling conference for the consolidated cases.

*s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE
